IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES W. REEVES,** | : | CIVIL ACTION NO. 3:16-CV-1080 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **NANCY A. BERRYHILL,**[1] | : | |
| | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 20th day of July, 2018, upon consideration of the report (Doc. 17) of Magistrate Judge Joseph F. Saporito, Jr., recommending that the court grant the appeal (Doc. 1) of Charles W. Reeves ("Reeves") from the decision of the administrative law judge ("ALJ") denying his application for a period of disability and disability insurance benefits, and remand this matter for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g), wherein Judge Saporito opines that the decision of the ALJ is not "supported by substantial evidence," 42 U.S.C. § 405(g), because the ALJ "failed to meaningfully discuss the effects of Reeves' obesity in relation to his other impairments," (Doc. 17 at 29), and the court noting that the Commissioner of Social Security ("Commissioner") filed objections (Doc. 18) to the report, and that Reeves failed to file a responsive brief as mandated by the Local Rules of Court, see LOCAL RULES OF COURT 72.2, 72.3, and following *de*

---

[1] Due to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, former acting Commissioner of Social Security Nancy A. Berryhill is currently presiding as the Deputy Commissioner for Operations of the Social Security Administration. For consistency purposes, however, we continue to refer to Ms. Berryhill as "the Commissioner."

*novo* review of the contested portion of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)),[2] the court observing that the Third Circuit Court of Appeals in Diaz v. Commissioner of Social Security, 577 F.3d 500 (3d Cir. 2009), held that, when a claimant identifies obesity as a severe impairment or the ALJ independently finds a claimant's obesity to be a severe impairment, the ALJ must "meaningfully consider" the effect of the claimant's obesity, individually and in combination with other impairments, in conducting the residual functional capacity assessment and at every step of the disability determination thereafter, id. at 503-04, but that remand for further consideration of a claimant's obesity by the ALJ generally is not required when the record reveals that "it would not affect the outcome of the case," Rutherford v. Barnhart, 399 F.3d 546, 553-54 (3d Cir. 2005) (citation omitted), and the court further observing that a claimant's "generalized"

---

[2] Magistrate Judge Saporito also recommends that the court find (1) that the ALJ properly weighed the opinion evidence of record; (2) that Reeves failed to adequately develop his arguments concerning whether his sleep apnea meets or equals a listing and whether the residual functional capacity assessment adequately accounts for his alleged limitations in concentration, persistence, and pace; and (3) that the ALJ's credibility assessment is supported by substantial evidence. (Doc. 17 at 23-26, 29-36). Reeves has not objected to these recommendations. Failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level." Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)). As a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citation omitted), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes. Following an independent review of the record, we find no error on the face of the record with respect to the uncontested portions of the report.

assertion that obesity may impact the claimant's functioning, offered without record support or any elaboration of particular resulting limitations, "is not enough" for remand, see id.; see also Neff v. Astrue, 875 F. Supp. 2d 411, 422-23 (D. Del. 2012) (citing Diaz, 577 F.3d at 504), "particularly when," as here, "the administrative record indicates clearly that the ALJ relied on the voluminous medical evidence as a basis for his findings regarding [the claimant's] limitations and impairments," Rutherford, 399 F.3d at 553, and that, applying both Rutherford and Diaz, courts routinely reject cursory requests for remand based on a generalized assertion that the ALJ failed to adequately account for the claimant's obesity when the claimant "fails to argue that obesity actually impacted [their] job performance," Neff, 875 F. Supp. 2d at 423, or fails to "specify any particular records or other evidence that were purportedly omitted by the ALJ," Brown v. Astrue, 789 F. Supp. 2d 470, 484 (D. Del. 2011), and it appearing that Reeves implicitly invoked Diaz before the magistrate judge, asserting cursorily that, because the ALJ identified obesity as a severe impairment but did not explicitly consider whether related limitations exist, remand is required for further development of the record, (see Doc. 12 at 17-18), but that Reeves failed to identify *any* evidence in the record suggesting that his obesity, independently or in combination with other impairments, impacts his functional capacity, (see id.; Doc. 15 at 3); see also Neff, 875 F. Supp. 2d at 422-23; Brown, 789 F. Supp. 2d at 483-84, and that Reeves also failed to respond to the Commissioner's objection highlighting this deficiency, and the court finding, following independent review of the record, that the ALJ's express acknowledgment of Reeves' obesity, (see Tr. at 15), his determination that Reeves' obesity did not meet or equal a listing,

3

(see id. at 16), his multiple observations of Reeves' height and weight, (see id. at 19), his comprehensive review of the medical and other evidence of record, (see id. at 18-25), and his thorough assessment of Reeves' functional capacity, (see id.), are sufficient to comply with Diaz and satisfy this court that the ALJ "did not ignore" Reeves' obesity, see Neff, 875 F. Supp. 2d at 423, and further finding that Reeves, to date, fails to identify any record evidence, credible or otherwise, substantiating his generalized and speculative contention that his weight "*could* affect his ability to sit, stand, walk, lift, and carry," (Doc. 12 at 17-18 (emphasis added)), and the court thus concluding that the ALJ's decision is "supported by substantial evidence," 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), it is hereby ORDERED that:

1. The report (Doc. 17) of Magistrate Judge Saporito is ADOPTED to the extent it opines (1) that the ALJ properly weighed the opinion evidence of record; (2) that Reeves fails to adequately develop his arguments concerning whether his sleep apnea meets or equals a listing and whether the residual functional capacity assessment accounts for limitations in concentration, persistence, and pace; and (3) that the ALJ's credibility assessment is supported by substantial evidence.

2. We decline to adopt the report (Doc. 17) to the extent it opines that the ALJ failed to adequately address Reeves' obesity and to the extent it concludes that the ALJ's disability determination therefore is not supported by substantial evidence.

3. The Commissioner's decision denying Reeves' application for a period of disability and disability insurance benefits is AFFIRMED.

4. The Clerk of Court shall enter judgment in favor of the Commissioner and against Reeves as set forth in paragraph 3.

5. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania